STANDARD OIL CO. v. ANDERSON.

(Circuit Court of Appeals, Second Circuit. February 26, 1907.)

No. 162.

MASTER AND SERVANT—FELLOW SERVANTS—SERVANTS OF SEPARATE MASTERS IN SAME WORK.

Plaintiff, a longshoreman, engaged in loading a vessel as an employé of a master stevedore, who had contracted to do such loading, and who had contracted with defendant for the steam power, is not a fellow servant of the employé of defendant, who worked the steam winch, and through whose negligence plaintiff was injured; the winch man being hired and paid by defendant, and the master stevedore having no power to discharge him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 485.

Who are fellow servants, see note to Northern Pac. R. Co. v. Smith, 8 C. C. A. 668; Flippin v. Kimball, 31 C. C. A. 286.]

In Error to the Circuit Court of the United States for the Eastern District of New York.

This cause comes here upon appeal from a judgment of the Circuit Court, in favor of defendant in error who was plaintiff below. The action is to recover damages for personal injuries, and the jury brought in a verdict for the plaintiff.

J. W. Fuller, for plaintiff in error.

B. L. Pettigrew, for defendant in error.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. Plaintiff, who was in the employ of one Terence, a master stevedore, was engaged with others in loading the steamship Susquehanna with case oil at the dock of the Standard Oil Company, in Bayonne, N. J. A foreman and a gang of men hired by Terence were located at different stations about the ship or on the dock, each engaged in performing his respective duty. The plaintiff was in the hold, and was struck by a draft of cases which was lowered at a time when he was not expecting it to descend. The hoisting from the dock and lowering into the hold was accomplished by the use of a steam winch located on the dock some 50 feet distant from the hatch. A gangwayman, one of Terence's employés, gave signals by whistle to the winchman, thus advising him when to run the winch forward or back, and when to stop. The evidence shows that the accident happened because the winchman reversed the winch (so as to lower the draft) before signal to do so was given him. The jury found that he was at fault, and that the plaintiff was free from any contributory negligence. There was evidence to warrant both these findings, and their verdict thereon is to be taken as conclusive. Some argument is presented here as to the plaintiff's alleged carelessness, and as to the negligence of some others of his gang; but the only point seriously urged is that plaintiff and the winchman were fellow servants. If they were not, the judgment must stand, because the verdict has eliminated all other questions from the case. If the gangwayman or the man who hooked the slings were also negligent, plaintiff, if not a fellow servant with the winchman, could recover, if the latter's negligence was a proximate cause of the accident.

The master stevedore hired the longshoremen, and contracted with the defendant for the steam power, agreeing to pay "$1.50 a thousand for hoisting." The winch was the property of defendant, standing on its dock, and it selected, hired, and paid the winchman who ran it. The master stevedore did not pay the winchman, nor hire him, and could not discharge him if he did not suit; in the latter event he would complain to the defendant company. This case is therefore on all fours with The Slingsby, 120 Fed. 748, 57 C. C. A. 52, where we held that a sailor operating a ship's winch by order of her captain to assist a gang of longshoremen in discharging cargo was not their fellow servant, although he received the signals to run the winch forward or to reverse from their foreman. Our attention has been called to The Elton, 142 Fed. 367, 73 C. C. A. 467, in which the Circuit Court of Appeals in the Third Circuit reached a different conclusion upon a similar state of facts. We

regret that we are not able to agree with the conclusions of law reached by that eminent court, but we see no reason to change the opinion heretofore expressed in The Slingsby, which was reached after a careful examination of the authorities cited in The Elton.

The judgment is affirmed.